Exhibit 6

Tatyana Babakaeva
2124 Criston Dr.
Newport News, VA 23602
Phone:   (757) 967-7711

# FAX

| TO: | Scott N. Alperin, Esq. | | |
|---|---|---|---|
| **Fax:** | (757) 233-3600 | **Pages:** | 7 (including this page) |
| **Phone:** | (757) 490-3500 | **Date:** | October 4, 2018 |
| **Re:** | 658 Waters Drive | | |

**Urgent**     **For Review**     **Please Comment**     **Please Reply**     **Please Recycle**

Tatyana Babakaeva
Olga Guskova
2124 Criston Dr.
Newport News, VA 23602

October 4, 2018

Mr. Scott N. Alperin
ALPERIN LAW PLLC
500 Viking Drive, Suite 202
Virginia Beach, VA 23452

Via fax to (757) 233-3600 and certified first class mail

RE: 658 Waters Drive, Virginia Beach, VA 23462

Dear Mr. Alperin:

On behalf of Mrs. Olga Guskova, I am responding to your letter dated September 24, 2018.

Please be advised that by this communication I am acting, in certain part, as agent for Mrs. Olga Guskova under durable power of attorney registered with the Clerk's Office of the Circuit Court of Virginia Beach, VA (Instrument No. 20150309000198000). The instrument gives me a broad authority, including, but not limited to, authority to bring or settle, on behalf of principal, any claim arising out of transactions related to the above-referenced property. Please be aware that the instrument specifically grants me power to initiate litigation which may be necessary in order to require third parties to recognize the validity of the power of attorney and to seek damages, including punitive damages, for injury to principal because of any nonrecognition.

Please take notice of the following:

1. In response to your letter dated February 4, 2015, which is essentially re-cited in your September 24, 2018 letter on a different letterhead, Mrs. Guskova responded, on February 4, 2015, with a statements disputing the validity of the alleged debt (a copy of the letter is attached for your reference) and with making a valid request for address of the alleged original creditor.

You never responded to the February 4, 2015 letter and did not provide a verification of the alleged debt and/or an answer to the request, as required by the law.

There is no doubt as to the fact that both your letters, dated February 4, 2015 and September 24, 2018, refer to the same alleged debt. Therefore, it appears that you, personally, by your recent activity, failed to fulfill the requirement of the law, which states that a debt collector shall cease debt collection activity under such circumstances.

To the extent that the re-iterated statement of disputing the alleged debt in response to an essentially identical notice may be required, which is not, I hereby incorporate the statement of disputing the alleged debt, given in said February 4, 2015 letter, by reference and with the same force and effect as if stated here. Additionally, without admitting that the re-iterated statement disputing alleged debt is required, on behalf of Mrs.Guskova under aforesaid power of attorney, **I dispute the alleged debt.**

Regarding the "verification of debt", you may choose to obtain verification and forward it to me, but it would not serve any reasonable purpose, as the matter of validity of alleged debt already has been subject of litigation in which the alleged creditors failed to meet their burden of proof and thus were unable to validate their claim

related to the alleged debt or any portion thereof.

2. The threat to re-institute foreclosure proceedings in direct violation of the valid standing written Injunction Order of the Court of competent jurisdiction is improper under any legal and ethics standards, and under the FDCPA. As the plain language of the document titled "Substitution of Trustee" (recorded in the Clerk's Office of the Circuit Court of Virginia Beach, VA as Instrument No.20180814000670950) states, you are under the same duties and obligations as the previous substitute trustee, which include obeying the Court-issued injunction. Moreover, the injunction, by its plain language, is not personal but is "attached" to the particular real estate property and deed of trust.

3. The "Certificate of Transfer" executed under oath by Executrix of the estate of alleged original creditor plainly states the following:

"... Deed of trust is a *credit line deed of trust*... [*emphasis added*]" (attached please find a copy of the sworn statement).

Similarly, the notice of attempted foreclosure plainly states:

"... In execution of a *Credit Line Deed of Trust* dated March 29, 2013 ..." (please see attached).

Both these documents were submitted to the Court, and argued upon, by the previous substitute trustee and counsel for alleged creditors, in their futile attempt to oppose Mrs.Guskova's petition for injunctive relief.

You current letter and the documents recently submitted by you or your clients and recorded in the Clerk's Office of the Circuit Court of Virginia Beach, VA purport, in contrast, that the deed of trust is plain secured deed of trust rather than "*a Credit Line Deed of Trust*", as stated in a sworn statement by Executrix of the estate and in the public announcement. The misrepresentation of the nature of the document which was a matter of public announcement/notice and was a substantial matter in litigation is improper and represents forgery of public records and/or fraud upon Court.

The whole set of actions taken by the PTR INVESTMENTS, INC ("PTR") and you appears to be a scheme devised to circumvent the Court Rulings, the Injunction and the FDCPA requirements by (i) substituting new parties, by (ii) misstating the nature of deed of trust and by (iii) attempting to re-initiate foreclosure proceedings under a different coat.

4. The Court specifically addressed the failure of the alleged creditors to demonstrate enforceability of the alleged note and validity of the deed of trust. As you know, or should have known, the real estate property was received by Mrs.Guskova as a gift from her friend, without monetary consideration, which fact was properly registered with the Clerk's Office of the Circuit Court of Virginia Beach, VA (Instrument No.20130506000516450) which is the sole document that transfers the title to the real estate onto Mrs.Guskova. The fundamental reason for Mrs.Guskova's prevailing in the Court was simple, plain and straightforward: Mrs.Guskova *did NOT* "*borrow money from Anthony Gargiulo*". Any and all issues with the alleged debt arose from admitted criminal conduct of attorney David Flynn, which matter was discussed in length during Court proceedings on the injunction. As you may know, Mr.Flynn admitted to the massive real estate fraud, was convicted, was sentenced to incarceration and served the term.

5. To avoid possibility that PTR may take the untenable position that they accepted the alleged negotiable instrument without notice that it was overdue and/or was dishonored, I enclose the public notice of attempted foreclosure, which is, by any standard, a sufficient constructive notice of such kind. Also, in correspondence

with you in December of 2014 and January and February of 2015 Mrs.Guskova disclosed the reasons why the alleged debt was invalid. The very same arguments were presented to the Court, and eventually prevailed, in said litigation. Therefore, you should have advised your clients on the matter of the existing significant problems with validity of the alleged debt.

6. As you know, or should have known, I am a co-owner of the property referenced above, which fact is recorded among the land records in the Clerk's Office of the Circuit Court of Virginia Beach, VA as Instrument No.20171113000973740. Therefore, any claims on, or related to, above-referenced real estate may jeopardize my interest in said real estate. Please be assured that I will vigorously oppose any fraudulent claims against my interest.

Thank you for your continuing attention to this matter.

Very truly yours,

*Tatyana Babakaeva*

Tatyana Babakaeva

Enclosure
cc: PTR INVESTMENTS, INC.
c/o Mr. Troy Robertson, President

Olga Guskova
1074 Grand Oak Lane
Virginia Beach, VA 23455

February 4, 2015

Attn: Scott N. Alperin
MIDGETT PRETI ALPERIN, PC
2901 S. Lynnhaven Road, Suite 120
Virginia Beach, VA 23452

Re: You letter dated January 29, 2015

Dear Mr. Alperin:

I hereby give notice that I dispute the debt. I request the address of the alleged original creditor.

Very truly yours,

Olga Guskova

20150707002634810  1/1
City of Virginia Beach
07/07/2015
10:28:32 AM ASSIGN
Tina E. Sinnen, Clerk

Prepared by & return to:
Tavss Fletcher
555 E. Main Street, Suite 1400
Norfolk, VA 23510

Tax Parcel #1486-05-1872-8420

**THIS INSTRUMENT IS EXEMPT FROM RECORATION TAXES IN ACCORDANCE WITH THE PROVISIONS OF SECTION 58.1-810(5) OF THE CODE OF VIRGINIA, AS AMENDED.**

**CERTIFICATE OF TRANSFER**

**(PURSUANT TO SECTION 55-66.01 OF THE CODE OF VIRGINIA OF 1950, AS AMENDED)**

| | |
|---|---|
| Place of record: | Clerk's Office, Circuit Court, Virginia Beach, Virginia |
| Date of Deed of Trust: | March 29, 2013 |
| Recording Reference: | Instrument #20130506000516460 |
| Name of Grantor/Obligor: | Olga B. Guskova |
| Names of Trustees: | Scott N. Alperin |
| Name of Original Payee: | Anthony Gargiulo |
| Original Amount Secured: | $62,455.00 |

The undersigned hereby certifies that the obligations secured thereby have been assigned to Rachele Gargiulo and Lisa Cuomo.

The above-mentioned Deed of Trust is a credit line deed of trust and the name and address to which notice may be mailed or delivered to the Noteholder as provided by Section 55-58.2 is as follows: c/o Earlene Newhart, 3330 Pacific Avenue, #503, Virginia Beach, Virginia 23451.

Given under our hand this 8th day of ____June____, 2015.

ESTATE OF ANTHONY GARGIULO, Noteholder

By: _/s/ Rachele Gargiulo_
Rachele Gargiulo, Executrix

STATE OF __NEW YORK__
CITY OF __NEW YORK__, to-wit:

Subscribed, sworn to and acknowledged before me by Rachele Gargiulo, Executrix of the Estate of Anthony Gargiulo, this __8th__ day of __June__, 2015.

_/s/_
Notary Public

My Commission Expires: _____
Notary Registration #: _____

CHRISTINE CALIFANO
Notary Public, State of New York
No. 01CA6119416
Qualified in Kings County
Commission Expires November 29, 2016

e's Sale | Inside Business     http://insidebiz.com/node/471021

# Inside Business
The Hampton Roads Business Journal

Thursday, September 17, 2015

## Trustee's Sale

Posted: August 28, 2015

NOTICE OF SUBSTITUTE TRUSTEE'S SALE OF PROPERTY 658 Waters Drive Virginia Beach, VA 23462 (GPIN 1486-05-1872-8420) In execution of a Credit Line Deed of Trust dated March 29, 2013 in the original principal amount of $82,455 and recorded as Instrument #20130506000516460 in the Clerk's Office of the Circuit Court for the City of Virginia Beach, Virginia, the undersigned, Robert M. Reed, Substitute Trustee, will offer for sale at public auction at the front door of the Courthouse for the City of Virginia Beach, Virginia, 2425 Nimmo Parkway, Virginia Beach, VA 23456, on the 22nd day of September, 2015, at 10:00 a.m., certain property described in said deed of trust lying in the City of Virginia Beach, Virginia, commonly known as 658 Waters Drive, and more particularly described in the aforementioned deed of trust. As provided in the deed of trust and pursuant to the provisions of applicable law, the undersigned Substitute Trustee may exercise all of the powers, rights, authority, and duties granted in the deed of trust. TERMS: Cash. A bidder's deposit of up to ten percent (10%) of the bid amount may be required in cash or certified funds at the time of the sale. Additional terms and conditions may be announced at the sale. Closing shall occur at the office of the Substitute Trustee within ten (10) days of the date of the sale, at which time the balance of the purchase price will be due and payable in immediately available funds. The property will be sold "AS IS" and will be conveyed by special warranty deed, subject to all liens, objections, rights, reservations, leases, covenants, conditions, easements, and restrictions superior to the lien of the deed of trust as they may lawfully affect the property. Neither the Substitute Trustee nor the holder of the note secured by the deed of trust will deliver possession of the property to the successful bidder. The purchaser at the sale will be required to pay all closing costs except the grantor's tax. Real estate ad valorem taxes will be prorated as of the date of closing. For information contact ROBERT M. REED, Substitute Trustee, 555 Main Street, Suite 1400, Norfolk, VA 23510, or (757) 625-1214. 24775036A

Pilot Targeted Media: Apartment Book | Auto Guide | The Flagship | HREW Guide | Military Newspapers
PilotOnline Business Channel | Style Weekly | Targeted Productions | Tidewater Parent | VOW Bride

Our Affiliates: NSA Virginia | American Marketing Association

© 2015 Inside Business – The Hampton Roads Business Journal :: All rights reserved.

Inside Business
About Us: Inside Business is The Hampton Roads Business Journal, providing daily business news in print and online to the Hampton Roads and Tidewater area.
150 West Brambleton Avenue, Norfolk, Virginia 23510 - United States
Call Us On Phone: 757-222-5353 | Or Email Us: Contact Us
Get Directions to our Office



Inside Business
The Hampton Roads Business Journal

**PSC 2000 Series 2210v**
**Personal Printer/Fax/Copier/Scanner**

Log for
Tatyana
7573817101
Oct 04 2018 3:02PM

## Last Transaction

| Date | Time | Type | Identification | Duration | Pages | Result |
|---|---|---|---|---|---|---|
| Oct 4 | 2:58PM | Fax Sent | 7572333600 | 3:52 | 7 | OK |