IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

TATYANA BABAKAEVA, et al.,

        Plaintiffs,

v.                                                              Civil Action No. 2:21cv267

PTR INVESTMENTS, INC. et al.,

        Defendants.

MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS COMPLAINT

      Defendants, 658 Waters Drive, LLC ("658 Waters") and C. Jeffrey Moore ("Moore"), by

and through counsel, pursuant to F.R.Civ.P. Rule 12(b)(6), for their memorandum in support of

motion to dismiss complaint, respectfully state as follows:

**I.**      **ALLEGATIONS AND HISTORY**

      The plaintiffs filed suit against 658 Waters and Moore in the Virginia Beach Circuit

Court on February 18, 2021.  Each of the parties engaged in discovery in that case.  658 Waters

and Moore filed a motion to dismiss the complaint and scheduled it for hearing on June 7, 2021.

On May 21, 2021, with the motion to dismiss still pending, the plaintiffs filed a motion for

voluntary nonsuit.  By order entered on May 28, 2021, the state court suit was nonsuited.

      The plaintiffs filed this action on May 13, 2021, prior to the nonsuit in the state court

action.  658 Waters and Moore were served on June 8, 2021.  As the plaintiffs have failed to state

a claim against either of them, they filed a motion to dismiss in response to the complaint and

this memorandum is in support of the motion.

      In the complaint in Count I, the plaintiffs plead that 658 Waters and Moore violated the

FDCPA by allegedly violating 15 U.S.C. §§ 1692e(2)(A), 1692e(10), 1692f(1), 1692f(6), and

1692e(5). Any FDCPA claims are barred by the one-year statute of limitations. Notwithstanding that, the plaintiffs have failed to state a claim against 658 Waters or Moore for any violation of the FDCPA. In Count III, the plaintiffs plead that 658 Waters and Moore slandered title, but they do not plead that 658 Waters or Moore put anything to record on title that would slander the title and any claim for slander of title is barred by the statute of limitations. They have failed to state a claim against 658 Waters or Moore for slander of title.

In Count IV, the plaintiffs plead that all the defendants acted in a way to constitute a civil RICO claim. However, the plaintiffs have failed to state a civil claim for a RICO violation for several reasons. The plaintiffs fail to plead an enterprise, a conspiracy, a pattern of racketeering activity, or that the acts of the alleged enterprise impacted interstate commerce. The plaintiffs attempt to plead the civil conspiracy claim by summarily pleading the statutory requirements for one. However, the pleadings fall far short of pleading a civil RICO claim for which the Court can grant relief.

In Count V, the plaintiffs plead that the Court should pierce the corporate veil of 658 Waters to hold Moore liable on claims made against it. Not only did the plaintiffs fail to state a claim to pierce the corporate veil, but their position on this count is contradictory to all of their other allegations that Moore personally, allegedly did what they claim. It seems as though the plaintiffs want double recovery against Moore to hold him personally liable and simultaneously hold him liable for the same claims made against 658 Waters. If the Court dismisses the FDCPA claim and the civil RICO claim, the Court will not have jurisdiction in this case. There will not be federal questions jurisdiction or supplemental jurisdiction over state law claims. If any of the plaintiffs' state court claims survive the motion to dismiss, and the claims should not, the Court should remand the claims to state court.

The Court should dismiss the complaint with prejudice and end this baseless litigation between these parties.

## II.   **ARGUMENT**

### a.   **Standard of Review**

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits dismissal when the plaintiff fails to "state a claim upon which relief can be granted."  To survive a motion to dismiss under Rule 12(b)(6), a complaint must state a claim for relief that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  This requires a "two-pronged approach" under which the Court will first identify the factual allegations in the complaint entitled to an assumption of truth, and then determine "whether they plausibly give rise to an entitlement of relief." *Ashcroft v. Iqbal*, 555 U.S. 662 (2009).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint and a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff." *Mylan Labs, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).  While courts will favorably construe the factual allegations in a complaint and assume that the facts alleged are true, according to *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., Inc. v. J.D. Assocs., Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).

### b.   **The statute of limitations has run on a FDCPA claim and the plaintiffs have failed to properly state a claim for a violation of the Act.**

Pursuant to 15 U.S.C. § 1692k(d), "[a]n action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs."  The allegations made by the plaintiffs to support a claim for

3

alleged violation of the FDCPA against 658 Waters and Moore are pled to be in paragraphs 32, 33, 37, 38, 53 – 58, 60 – 67, 75 – 79, and 81 – 91 of the complaint.  *See* Compl. ¶¶ 98, 99, 100, and 102.

Neither Moore nor 658 Waters are mentioned in paragraphs 32, 33, 37, 38.  Also, the actions alleged in those paragraphs took place in August, 2018, more than one year before the plaintiffs filed this suit.  658 Waters is mentioned in paragraphs 60 – 67, but not by any factual allegation of what 658 Waters is alleged to have done.  There is no claim stated against Moore or Waters in paragraphs 60 – 67.  As a result, the statute of limitations has run on any claim against 658 Waters and Moore under 15 U.S.C. § 1692f and, if it has not, there is no viable claim pled against them.

The allegations made in paragraphs 53 – 58 are alleged to have occurred on March 2, 2020.  The letter referenced in paragraphs 75 – 79 does not mention debt collection, but is a cease-and-desist letter pertaining to use of the LLC's business name.  Paragraphs 81 – 91 of the complaint do not make any additional allegations, but pertain only to alleged damages.  As a result, the statute of limitations ran on any claim against 658 Waters Drive and Moore under 15 U.S.C. 1692f(6)and § 1692e(5) before this suit was filed by the plaintiffs.

The only other claims made by the plaintiffs against 658 Waters and Moore on the FDCPA were that 658 Waters and Moore somehow violated the FDCPA by making false statements to the state court (Compl. ¶95) and attempted to collect a debt that was not owed (Compl. ¶ 96).  Any statements made by 658 Waters and Moore in state court are absolutely privileged.  The Virginia Supreme Court has routinely held that absolute privilege is broad in scope and applies to communications that are "relevant and pertinent to the matter under inquiry" made in proceedings pending in a court.  *Donohoe Const. Co. v. Mount Vernon Assocs.*, 369

S.E.2d 857, 860 (Va. 1988). The reason Virginia has routinely applied the absolute privilege is that "[t]he public interest is best served when individuals who participate in lawsuits are allowed to conduct the proceeding with freedom to speak fully on the issues relating to the controversy." *Id.*

There can be no doubt that any alleged statements made in the state court action were relevant to the proceeding. While there is no claim that 658 Waters or Moore made any false statements to the state court, the plaintiffs make many allegations pertaining to Scott Alperin, but he is not a party to this case. Those claims are that he told the state court that he was the trustee and facts relating to title. Those claims would both be relevant in a quiet title action.

Last, there is no properly pled factual support made by the plaintiffs against 658 Waters or Moore for any violation of the FDCPA. The claims are only made in summary fashion without factual support or with factual support pertaining to others, including Alperin, who is not a party to this action. Regardless, all claims that there was any violation of the FDCPA by 658 Waters or Moore are invalid because neither 658 Waters nor Moore are debt collectors under 15 U.S.C. § 1692a(1)(6). Under that code section, a debt collector is defined as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." A person who collects their own debts is not a debt collector. In addition, there are exceptions to who is a debt collector in 15 U.S.C. § 1692a. Those exceptions include "(A) any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor." Under these definitions and based on the allegations made in the complaint, neither Moore individually nor Moore acting on behalf of 658 Waters are debt collectors governed by the FDCPA.

The Court should dismiss all claims against 658 Waters and Moore for any alleged violation of the FDCPA. In addition, pursuant to 15 U.S.C. § 1692k(a)(3), 658 Waters and Moore seek an award of attorney's fees for defending the FDCPA claims made by the plaintiffs. The claims were made without a good faith basis and were made to harass 658 Waters and Moore. This is the second suit in which they have had to defend themselves against baseless claims of the plaintiffs. In addition, there can be no doubt that Tatyana Babakaeva has in-depth experience with FDCPA and other similar claims. In this Court, she has filed at least three other lawsuits against various defendants alleging FDCPA and similar claims. *See* 4:11cv78, 4:09cv58 (Virginia Consumer Protection Act), 4:08cv129. *Pro se* litigants are held to the same standards as those represented by counsel. As the statute of limitations ran before they filed suit and none of the named defendants are debt collectors as defined in the FDCPA (as well as the fact that no viable claim for any violation of the FDCPA was pled), the Court should award 658 Waters and Moore their attorney fees for preparing, filing, and arguing, if necessary, this motion to dismiss.

### c.  The statute of limitations has run on a slander of title claim and the plaintiffs have failed to plead that 658 Waters or Moore slandered title.

Under Virginia law, the elements of a claim of slander of title are (1) the defendant's publication of false words, (2) with malice, (3) that disparages plaintiff's property, and (4) special damages suffered by the plaintiff. *Poindexter v. Mercedes-Benz Cedit Corp.*, 2014 U.S. Dist. LEXIS 102600 (E.D. Va. July 25, 2014) (citation omitted). In order to publish false words that disparage the property, a party must put something to record that is false. In the complaint, the plaintiffs plead that David R. Flynn sent the deed of trust that the plaintiffs plead was altered to the Virginia Beach Circuit Court and there is no reference made to 658 Waters or Moore. Compl. ¶ 18. They allege this was done on May 6, 2013 (long before Babakaeva had any ownership interest in the property). *Id.* Even if this is the basis of the Plaintiffs' claim that any

6

of the defendants slandered title, it is barred by the statute of limitations.  A slander of title claim

is subject to the five-year statute of limitations under Virginia Code § 8.01-243(B).  The deed of

trust was put to record on May 6, 2013 more than five years before the plaintiffs filed this action.

*Poindexter*, 2014 U.S. Dist. LEXIS at *4.  Regardless, there is no allegation that 658 Waters or

Moore put anything to record on the property.

There is no allegation that 658 Waters or Moore published false words on the plaintiffs'

property.  The plaintiffs' claims that 658 Waters and Moore somehow slandered title to the

property are allegedly pursuant to the allegations made in paragraphs 53 – 58 and 75 – 79 of the

complaint.  There, the only allegation made against Moore was that Moore, and others, started a

company in the name of 658 Waters Drive, LLC and sent a letter through counsel for the

plaintiffs to stop using the phrase 658 Waters Drive.  This does not constitute a slander of title.

There is no allegation of a false publication that affected title to the property.

The plaintiffs have also failed to plead, with any factual support, that 658 Waters or

Moore acted with malice in allegedly slandering title.  The plaintiffs do summarily plead that

they did, but with no factual support.  Under Virginia law, in order to plead malice, there must be

a factual basis pled that the actor had a sinister or corrupt motive to injure the plaintiff and that

motive can be hatred, revenge, personal spite, ill will, or a desire to injure.  *Preston v. Land*, 255

S.E.2d 509, 511 (1979).  Here, the plaintiffs plead no motive of 658 Waters or Moore and the

plaintiffs did not plead any of these required elements of malice.  A summary claim that action

was taken to injure the plaintiffs or that it was summarily done with reckless disregard to their

rights is not enough under Virginia law.  As a result, there is no factual support in the complaint

that 658 Waters or Moore acted with malice in allegedly slandering title to property.

Last, the plaintiffs have failed to plead special damages.  In the slander of title claim, the plaintiffs seek damages for rent, condo fees and expenses, and profit (¶¶ 82, 85, 87) and loss of lease and loss of tenant maintenance (¶ 87).  Under Virginia law, special damages are "damages of an unusual and extraordinary nature, and not the common consequences of the wrong complained of . . . ." *Norfolk & W. Ry. Co v. Spears*, 65 S.E. 482 (Va. 1909).  Here, the damages pled were general damages and not any special damage required to be pled in a claim of slander of title.

The Court should dismiss the claim of slander of title with prejudice.

### d.  The plaintiffs have failed to properly plead a civil RICO claim.

658 Waters and Moore incorporate by reference the arguments made, cases cited, and argument provided by Troy Robertson and Patricia Robertson on the civil RICO claim as provided in their brief in support of their motion to dismiss.  As pertains to the allegations made against 658 Waters and Moore, all the plaintiffs do is summarily plead the required elements of a civil RICO claim.   This does not satisfy the pleading requirements of the Court or federal rules.

On the pattern of racketeering activity, 658 Waters and Moore add to the Robertson's arguments that even the minimal amount of information that is pled in the complaint is not sufficient to plead a *pattern* of racketeering activity.   At best, the plaintiffs plead a continuance of the same alleged activity all pertaining to one piece of property in Virginia Beach.  There is no alleged pattern.  In addition, the plaintiffs did not allege more than one activity of alleged racketeering against Moore or 658 Waters.  They plead that on March 2, 2020, 658 Waters and Moore worked with Alperin, a Virginia attorney and non-party to this action, to form an LLC, compl. ¶ 53, and purchased the note from PTR on May 13, 2020.  Compl ¶ 64.  Not only do

8

these allegations not form the basis of a civil RICO claim, but there is no properly alleged *pattern* alleged against 658 Waters or Moore.

Further, any allegations made, pleadings filed, and activity taken in a prior state court action is absolutely privileged and cannot serve as a basis for a civil RICO claim (*see* same argument made herein).  There is no allegation that 658 Waters or Moore were charged with perjury, charged with contempt of court, or that anything was alleged that they somehow abused the state court process.  658 Waters and Moore were only in the state court action asking to intervene in place of PTR, something the state court denied, as it was the new note holder.  It is not racketeering activity to plead in a state court action legal theories and positions that the court does not ultimately agree with.  The plaintiffs also have failed to plead that any alleged racketeering activity caused them or their property any damage as they were provided due process, were before a court on their claims, and prevailed against PTR.  They still own the property.  They have no damage.

The Court should dismiss the civil RICO claim with prejudice as the plaintiffs have failed to state a claim for this *extraordinary remedy* against any of the defendants.

### e.  No basis exists to pierce the corporate veil of 658 Waters for personal liability on Moore for its alleged acts.

The only substantive and applicable claims pled by the plaintiffs in order to pierce the veil of 658 Waters is that the business only has one purpose and one member (¶¶ 138, 140) and it is without capitalization and liability insurance (¶ 138).  The plaintiffs do not properly plead a basis to pierce 658 Waters' corporate veil to attach liability for its actions to Moore.  First, the Court should dismiss this action with prejudice.  There are no properly pled claims and some are barred by the statute of limitations.  Even if the Court allows any claim to move forward, the Court should not pierce 658 Water's corporate veil.

9

"Virginia courts have long recognized the basic proposition that a corporation is a legal entity separate and distinct from its shareholders." *Perpetual Real Estate Services, Inc. v. Michaelson Properties, Inc.*, 974 F.2d 545, 548 (4th Cir. 1992) (citation omitted).  The distinction and the concept of limiting liability "supports a vital economic policy." *Id.* (citation omitted).  Virginia courts lift the "veil of immunity only in extraordinary cases." *Id.*  Under Virginia law, the plaintiffs must first establish that "the corporate entity was the alter ego, alias, stooge, or dummy of the individuals sought to be charged personally." *Id.* (citation omitted).  However, this cannot be summarily pled.  A party must plead facts that support a summary allegation that the corporation was an alter ego of the person.  There is nothing wrong with a business having one purpose and one member.  It is certainly permitted and widely used in Virginia. Even so, the Virginia Supreme Court has held, specifically, "that proof that some person 'may dominate or control' the corporation, or 'may treat it as a mere department, instrumentality, agency, etc.' is not enough to pierce the veil. *Id.* (citations omitted). The plaintiffs have not properly pled or factually supported any claim that 658 Waters was the alter ego of Moore.

The plaintiffs must also properly plead and establish that Moore used 658 Waters as a "device or sham used to disguise wrongs, obscure fraud, or conceal crime." *Id.*  The plaintiffs have not made these allegations.  Specifically, the plaintiffs have not and cannot plead that Moore used 658 Waters to disguise or hide anything.  This second element is mandatory in order to state a claim for piercing the corporate veil and the plaintiffs have failed to plead factual support to meet either of the elements to pierce the veil.

The Court should dismiss any request of the plaintiffs to pierce the veil of 658 Waters to attach personal liability to Moore.

####    f.   Jurisdiction and attorney's fees

The plaintiffs filed this action under federal question jurisdiction and supplemental

jurisdiction for the state law claims.  The FDCPA claims are barred by the statute of limitations

and the plaintiffs have failed to state a claim for any violation of the FDCPA.  The plaintiffs have

similarly failed to state a claim for which the Court can grant relief for any civil RICO claim.

While 658 Waters and Moore maintain that the entire case should be dismissed with prejudice, if

the Court dismisses counts I and IV and any state law claim remains, the Court will not have

jurisdiction to hear any state law claims.

In addition, the plaintiffs are not represented by counsel.  They have not pled a claim for

an award of attorney's fees as neither of them is an attorney and they have not incurred any

attorney's fees.   The Court should dismiss any claim for attorney's fees made by the plaintiffs.

### III.   CONCLUSION

For the foregoing reasons, the Court should grant 658 Waters Drive, LLC's and Jeffrey

C. Moore's motion to dismiss and dismiss the complaint in its entirety with prejudice and award

658 Waters and Moore attorney fees under 15 U.S.C. § 1692k(a)(3).


658 WATERS DRIVE, LLC and
C. JEFFREY MOORE


By:___ /s/ *Christy L. Murphy*_____
Counsel for 658 Waters Drive, LLC
and C. Jeffrey Moore

Christy L. Murphy, Esquire
BICHOFF MARTINGAYLE, P.C.
208 E. Plume Street, Ste. 247
Norfolk, Virginia 23510
Telephone:  (757) 965-2793
Facsimile:  (757) 440-3924
E-mail:  clmurphy@bischoffmartingayle.com

11

## CERTIFICATE

I hereby certify that on June 28, 2021, a true copy of the foregoing brief in support of motion to dismiss is being filed with the Court's ECF system, which will send a notice of electronic filing to the following users:

Tatyana Babakaeva tatyana.babakaeva@gmail.com

Christopher D. Davis, Esq. chris@davislawplc.com

And is being emailed and mailed to the pro se plaintiffs at their listed addresses below:

Olga Guskova obguskova@gmail.com

Tatyana Babakaeva tatyana.babakaeva@gmail.com

| | | |
|---|---|---|
| **Tatyana Babakaeva** | represented by | **Tatyana Babakaeva**<br>1 Lynn Drive<br>Newport News, VA 23606<br>757-967-7711<br>PRO SE |
| **Plaintiff**<br>**Olga Guskova** | represented by | **Olga Guskova**<br>1360 Hafford Road<br>Virginia Beach, VA 23464<br>757-389-3303<br>PRO SE |

By: _/s/ Christy L. Murphy_