# Exhibit 3

## VIRGINIA: IN THE CIRCUIT COURT FOR THE CITY OF VIRGINIA BEACH

TATYANA BABAKAEVA and )
OLGA GUSKOVA, )
     Plaintiffs, )
v. ) Civil Action No. CL21-000716-00
 )
C. JEFFREY MOORE and )
658 WATERS DRIVE, LLC, )
     Defendants. )
_____)

## MOTION FOR SANCTIONS

Plaintiff, Tatyana A. Babakaeva ("Babakaeva"), *pro sé*, respectfully moves this Honorable Court to impose appropriate sanctions pursuant to Va. Code § 8.01-271.1(D) on attorney Christy L. Murphy, Esq. ("Attorney") representing Defendants C. Jeffrey Moore and 658 Waters Drive, LLC ("Defendants"), for submitting to the Court paper made in violation of Va. Code § 8.01-271.1(B)(ii),(iii).

As ground for her Motion, Babakaeva states as follows:

1. On Feb 15, 2021 Attorney filed with the Court, on behalf of Defendants, Motion to Dismiss, which is a pleading in response to Complaint as defined in Va. R. Sup. Ct. 3:8(a).

2. By their Motion, Defendants make the following request to the Court:

> *"WHEREFORE, the defendants seek entry of an order dismissing this case for failure to name a necessary party."*

3. In Paragraph 1 of their Motion to Dismiss Defendants assert that *"the individual plaintiffs do not have standing to assert all of these claims [set forth in Counts I through V of Complaint] against the defendants"*.

4. Babakaeva respectfully submits that the assertion of Paragraph 1 of Motion to Dismiss and the relief sought by Motion to Dismiss are not supported by the existing law.

5. Babakaeva respectfully submits that, at the time of signing and filing of Motion to Dismiss, Attorney knew, or would have form a belief after a reasonable inquiry, that said

1

assertion of Paragraph 1 of Motion to Dismiss and the relief sought by Motion to Dismiss are not supported by the existing law or a good faith argument for the extension, modification, or reversal of existing law.

6. Babakaeva respectfully submits that Motion to Dismiss was filed without an intent to seek the relief stated therein, but with intent to harass and/or intimidate Plaintiffs and with intent to cause an unnecessary delay.

7. Babakaeva respectfully submits that filing of Motion to Dismiss did, in fact, cause an unnecessary delay to the proceedings in this action.

8. For the foregoing reasons, Babakaeva respectfully submits that the Motion to Dismiss was filed in violation of Va. Code § 8.01-271.1(B)(ii),(iii).

9. Pursuant to Va. Code § 8.01-271.1(D) the Court has authority to impose sanctions on an attorney for violation of Va. Code § 8.01-271.1(B)(ii),(iii).

10. Babakaeva made a good faith attempt to confer with Attorney in an effort to resolve the dispute that is the subject matter of this Motion for Sanctions without Court's action (Exhibit 1), but to no avail.

**WHEREFORE,** Plaintiffs Tatyana A. Babakaeva request that this Honorable Court impose appropriate sanctions pursuant to Va. Code § 8.01-271.1(D) on attorney Christy L. Murphy, Esq. for presenting to the Court paper made in violation of Va. Code § 8.01-271.1(B)(ii),(iii).

Respectfully submitted this 8th day of April, 2021.

*Tatyana Babakaeva*
Tatyana A. Babakaeva, *pro sé*
658 Waters Drive
Virginia Beach, VA 23462
Phone: (757) 967-7711

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of April, 2021 a true and accurate copy of the foregoing Motion for Sanctions was mailed first class, postage prepaid to the following:

Christy L. Murphy, Esq.
Bischoff Martingayle, P.C.
208 East Plume Street, Suite 247
Nofolk, Virginia 23510
Telephone: (757) 440-3546
Facsimile: (757) 440-3924
Email: clmurphjy@bischoffmatringayle.com

Olga Guskova
658 Waters Drive
Virginia Beach, VA 23462

*Tatyana Babakaeva*
Tatyana Babakaeva, *pro sé*
658 Waters Drive
Virginia Beach, VA 23462

3

Tatyana Babakaeva
658 Waters Drive
Virginia Beach, VA 23462
Phone: (757) 967-7711

March 24, 2021

Christy L. Murphy, Esq.
Bischoff Martingayle, P.C.
208 East Plume Street, Suite 247
Nofolk, Virginia 23510
Email: clmurphy@bischoffmartingayle.com

Via e-mail to clmurphy@bischoffmartingayle.com

Re: Virginia Beach Cir. Ct. Case No. CL21000716-00, *Babakaeva et. al. v. Moore et. al.*
Problems with Motion to Dismiss

Dear Mrs. Christy L. Murphy:

This letter is my good faith attempt to resolve, without Court action, the problems with the statements submitted to the Court's consideration in your clients' Motion to Dismiss. I would bring to your attention that your signature on the document you submitted to the Court is certification that you made reasonable inquiry and formed a believe that the motion is well-grounded in law, which it is not.

The argument why Motion to Dismiss is without valid legal ground and therefore should be denied will be addressed at appropriate time. In this letter I cover those issues that clearly indicate that Motion to Dismiss was signed in violation of Va. Code § 8.01-271.1(B).

A. Matter of standing of individual Plaintiffs

Paragraph 1 of your Motion to Dismiss states, in part:

> "1. ... The individual plaintiffs do not have standing to assert all of these claims against the defendants."

The common-sense interpretation of the above clause is that it asserts individual plaintiffs' lack of standing on each of the following claims: 1) FDCPA violations; 2) slander of title; 3) infringement of service mark; 4) intentional infringement of the service mark, and 5) personal and professional defamation.

This statement is not supported by any legal authority and, clearly, is against well-established legal principles.

(i) Slander of title.
A reasonable review of the land records would reveal that the title to the real estate property slandered by your clients is owned jointly by two individuals: Olga Guskova and myself, and not by any other person, natural or juridic. You claim that individual owners of the title cannot prosecute a claim of, and seek damages caused by, slander of title is absurd.

(ii) Personal and professional defamation
The claim of personal and professional defamation is based on the fact of defamation of character of the individuals, Olga Guskova and myself. There is no reason why Olga Guskova and/or me cannot assert the claim for damages suffered by each of as as individuals.

(iii) FDCPA claim

Regarding the standing of individual plaintiffs to assert FDCPA claim, I have a particular issue with your position on this matter. First of all, Complaint and the Court records clearly indicate that your clients were engaged in attempts to collect the purported debt by attempt to intervene in the case to assume the counterclaim against <u>individuals</u>, Olga Guskova and myself.

Your published professional profile sets you out as an attorney specializing in representing *"clients in litigation on ... claims made under the Fair Debt Collection Practices Act ('FDCPA')"*. It would be implausible that you do not know that FDCPA is designed specifically to authorize individual consumers to sue rogue debtors. The only reasonable explanation for your signing the paper claiming that "individuals plaintiffs cannot assert" the FDCPA claim is not a result of a failure to conduct a reasonable inquiry, but rather was a willful misrepresentation made in bad faith and/or with improper purpose.

B. Material misrepresentation of legal authority

Legal authority which is cited to in your client's Motion to Dismiss, *Siska Trust v. Milestone Dev. LLC, 715 S.E.2d 21, (Va. 2011)*, in fact, provides the legal conclusion directly opposite to one that Motion to Dismiss is attempting to present and specifically disallows the relief sought by Motion to Dismiss:

> "Whether the court should have dismissed the action based on nonjoinder of parties plaintiff is answered by Code § 8.01-5(A) and Rule 3:9A. ….. Clearly, <u>the alleged nonjoinder of parties plaintiff was not a proper ground for dismissing this action</u> *[emphasis added]*."

Va. Code § 8.01-5(A) provides, in pertinent part, that *"[n]o action or suit shall abate or be defeated by the nonjoinder or misjoinder of parties"*.

Material misrepresentation of legal authority in papers submitted to the Court's consideration is a sanctionable act, regardless of the intent.

If you disagree with the above-stated assessment, please forward to me legal authority in support of the statement that "individual plaintiffs do not have standing to assert all of these claims". Also, please explain the ground on which you do not agree with both *Siska* and Va. Code § 8.01-5(A) on the matter of dismissal.

I expect that it would not be a substantial burden for you to respond within three (3) business days. Please do not hesitate to let me know immediately if you need more time to prepare your response.

Please be advised that, unless you withdraw Motion to Dismiss, any substantive deficiency in you response or a lack thereof would be considered a ground to seek Court's ruling for imposition of appropriate sanctions on you law firm and you personally.

I sincerely hope that the dispute outlined in this letter may be resolved without Court's involvement.

Very truly yours,

*Tatyana Babakaeva*

Tatyana Babakaeva